```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

**GREGORY ALLEN JOHNSON**          :

    **Petitioner,**              :

v.                                 :      **CIVIL ACTION NO. 06-00740-KD-B**

**RALPH HOOKS,**                    :

    **Respondent.**              :


## REPORT AND RECOMMENDATION

Gregory Allen Johnson, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Although Petitioner is currently in state custody, he is challenging a federal detainer issued by the U.S. Marshal for the Middle District of Alabama on January 28, 2004, for his return to federal custody upon release by the State.  (Doc. 1 at 7; Doc. 10, att. 1).  Petitioner claims that he completed the federal sentence, upon which the detainer is based, during his incarceration in state prison, thus, he seeks to have the detainer lifted.[1]  (Doc. 1 at 12-13).

Although Petitioner has filed his petition for relief pursuant to 28 U.S.C. § 2254, the proper mechanism by which to seek credit on a federal sentence for time already served is § 2241.  See Meagher v. Dugger, 737 F. Supp. 641, 644 (S.D. Fla. 1990) (§ 2241

---

[1] The record shows that, on May 14, 2002, this Court sentenced Petitioner to twenty-four months for violating the terms of his supervised release.  (Doc. 9, att. 1 at 6).

applies to challenges to the "execution " of a federal sentence, such as a petition seeking credit for time spent in state custody); see also Fulgengio v. Wells, 2008 WL 5188803, *4 (S.D. Ga. 2008)(A claim for credit for time served on a federal sentence is brought under § 2241).

Mindful that Petitioner is proceeding *pro se*, the Court will construe Petitioner's § 2254 petition as one brought pursuant to § 2241.  However, before the Court can address the merits of Petitioner's claim, the issue of jurisdiction must be resolved.

"Where a petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2241, the exhaustion of administrative remedies is jurisdictional."  Hicks v. Jordan, 165 Fed. Appx. 797, 798 (11th Cir. 2006).  In Hicks, the court stated:

> The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the BOP.  See Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (per curiam).  A prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies, or else the district court has no jurisdiction to hear his claims. Lucas, 898 F.2d at 1556.  The BOP has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment.  See id.; 28 C.F.R. §§ 542.10-.19.  These regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court." Lucas, 898 F.2d at 1556.  The regulations include an appeals process that allows the BOP's General Counsel to make the ultimate

2

decision.  See 28 C.F.R. § 542.15(a). Id.; see also United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (observing that the requirement that prisoners exhaust administrative procedures prior to seeking relief in district court to obtain credit for time served is jurisdictional); accord Redding v. Middlebrooks, 2009 WL 369961, *2  (N.D. Fla. 2009).[2] Meagher, 737 F. Supp. 641, 643 (S.D. Fla. 1990).

In this action, Petitioner fails to show, or even allege, that he has exhausted his administrative remedies related to his claim that he is entitled to credit on his federal sentence for time served in state custody.  Therefore, this action is subject to dismissal for lack of subject matter jurisdiction.  Accordingly, the Court recommends that Petitioner's petition be denied without prejudice as this Court does not have jurisdiction to consider the merits of Petitioner's claim due to his failure to exhaust his

---

[2] In Redding, 2009 WL 369961, *2  (N.D. Fla. 2009), the court further described the administrative process as follows:

> The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16.  Initially, prisoners must seek resolution of issues through informal grievances.  Id. at § 542.13(a).  If unsuccessful, an inmate may then file a formal written complaint with the institution.  Id. at § 543.13(b).  An appeal may then be taken to the Regional Director. Id. at § 542.15.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP.  Id.  Each of these steps is generally required to satisfy the exhaustion prerequisite.

administrative remedies prior to filing suit.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **8th** day of **May, 2009**.

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

5

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

              **/s/ SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**